**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10012 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00042-APG-DJA-2 |
| v. | |
| EDWIN ARNOLD, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted June 6, 2023**
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and CHRISTENSEN,*** District Judge.

Edwin Arnold appeals his jury conviction for conspiracy to commit Hobbs

Act robbery, Hobbs Act robbery, conspiracy to commit bank robbery, bank

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

robbery, and brandishing a firearm during and in relation to a crime of violence. As the parties are familiar with the facts of this case, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arnold challenges the district court's denial of his motion for a mistrial on Sixth Amendment Confrontation Clause grounds. We review the denial of a motion for a mistrial for abuse of discretion, *United States v. Lemus*, 847 F.3d 1016, 1024 (9th Cir. 2016), and an alleged Confrontation Clause violation de novo, *United States v. Mikhel*, 889 F.3d 1003, 1043 (9th Cir. 2018).

The district court did not abuse its discretion in denying Arnold's motion for a mistrial. Arnold contends that two references in the government's opening statement to codefendant Shamariae Jones's confession violated his Sixth Amendment right of confrontation. First, Arnold argues that the government's reference in its opening statement to Jones's confession to driving Arnold to four robberies violated *Bruton v. United States*, 391 U.S. 123 (1968), which "held that a defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Mikhel*, 889 F.3d at 1044. However, the Supreme Court distinguished *Bruton* in *Frazier v. Cupp*, 394 U.S. 731 (1969), holding that a prosecutor's summary of a codefendant's confession only during opening

2

statements did not constitute "'reversible error unavoidable through limiting instructions.'" *Id.* at 735 (quoting *Bruton*, 391 U.S. at 135).

*Frazier* controls here. Like in *Frazier*, the jury heard only a paraphrase of Jones's confession to driving Arnold in an opening statement, and the confession was not admitted into evidence during the trial. *See id.* As a result, "the jury was not being asked to perform the mental gymnastics of considering an incriminating statement against only one of two defendants in a joint trial." *Id.* Further, as in *Frazier*, the jury was given cautionary instructions that opening statements should not be considered as evidence. *See id.* Here, the district court three times instructed the jury that opening statements are not evidence. Moreover, one of those instructions was given shortly after and in direct response to the government's opening statement. Finally, again like in *Frazier*, the confession "was not a vitally important part of the prosecution's case" because there was ample independent evidence of Arnold's guilt. *Id.* In sum, a mistrial was not warranted here, as "the limiting instructions given were sufficient to protect [Arnold's] constitutional rights." *Id.*[1]

---

[1] Contrary to Arnold's assertion, no *Bruton* violation occurred by the government's references during closing arguments to law enforcement officers witnessing Jones driving Arnold just after a robbery. These references made no mention of Jones's confession to driving Arnold, or the fact that Jones had confessed to doing so. *See Mikhel*, 889 F.3d at 1044. Instead, the government's references were based on other properly admitted evidence, including testimony from law enforcement officers who observed Jones driving into Arnold's apartment complex just after the

Second, Arnold challenges the government's reference to Jones's confession that the money in his possession when he was arrested after a robbery "came from earlier that day." Although Jones's confession as to the money was introduced into evidence, "[t]he *Bruton* rule is . . . 'limited to facially incriminating confessions,'" and "there is no Confrontation Clause violation if the codefendant's confession must be linked to other evidence to incriminate the defendant." *Mikhel*, 889 F.3d at 1044 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)); *see also Gray v. Maryland*, 523 U.S. 185, 195 (1998) ("*Richardson* placed outside the scope of *Bruton*'s rule those statements that incriminate inferentially."). Because Jones's confession as to the money "does not mention [Arnold] at all," *Mason*, 447 F.3d at 695–96, and "the facts that would have allowed the jury to infer that [Jones's] statement implicated [Arnold] came through other, properly admitted evidence" linking Arnold to the robberies, *id.* at 696, no *Bruton* violation occurred.

**AFFIRMED.**

---

robbery, backing up the car into a parking spot in front of Arnold's residence, moving to the back seat where he sat for several minutes, and then opening the trunk from which Arnold emerged with no shirt on. *See Mason v. Yarborough*, 447 F.3d 693, 696 (9th Cir. 2006).